IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ENRIQUE QUIROZ, Deceased, | § | |
| through JOSEPHINE SALAZAR | § | |
| Individually, and as NEXT FRIEND | § | |
| OF J.R.S, E.F Q, AND E.Q. Minors; | § | |
| MERCEDES QUIROZ, JASMINE | § | |
| QUIROZ, ANDREW RAMIREZ AND | § | |
| CHRISTINA ESPINOZA as | § | |
| NEXT FRIEND OF H.E., A MINOR, | § | |
| Plaintiffs | § | CAUSE NO. 1:21-CV-00443-RP |
| | § | |
| vs. | § | |
| | § | |
| OFFICERS EDUARDO PINEDA, | § | |
| SPENCER HANNA and CITY of | § | |
| AUSTIN, TEXAS | § | |
| Defendants, | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES ENRIQUE QUIROZ, Deceased, through his heirs at law** and files this First Amended Complaint based on Defendants' actions. Plaintiff sues Eduardo Pineda and Spencer Hanna based upon their individual uses of force, including the tasing, striking, punching, and pounding on Plaintiff's head and body using their fists, tazers, elbow strikes and other manners of physical and mental abuse. Plaintiffs complain about the City of Austin's failures to provide adequate policies, practices and procedures in violation of the U.S Constitution..

**PARTIES AND SERVICE**

1.  Plaintiff Enrique Quiroz and his heirs all resided in Austin, Travis County, Texas at the time of this incident. This incident described herein was the sole cause of his death. He was not

threatening or assaulting any individual or police officer and did not physically resist Defendant officers or commit any crimes or actions which justified the tasing and assaultive abuses caused to him. Plaintiff's injuries caused by these Officer Defendants included their tasing and striking Enrique Quiroz about the face and body before and after placing him in handcuffs. Defendants caused numerous facial and head bruises, mental, emotional, physical bodily injuries and death . After being tased and assaulted, the Plaintiff was arrested for trespassing inside his wife's home and taken to the hospital when he died solely because of his injuries caused by Defendants. Defendants had actual knowledge that Plaintiff was unarmed and had not caused danger or threatened any individuals. Defendants had actual knowledge that Plaintiff was preparing to depart but determined to take unreasonable forceful actions and use tazers to arrest Plaintiff.

2. Defendants Edwardo Pineda, Spencer Hanna and the City of Austin have all been served and made their appearances in this lawsuit.

**JURISDICTION**

3. The action arises under 28 U.S.C. Section 1331 and 1443.

**NATURE OF ACTION**

4. This is an action under Title 42 U.S.C. Section 1983. as amended by the Civil Rights Act of 1991 and the Fourteenth Amendment to correct unlawful and unconstitutional practices and policies.

**FACTS**

5. On March 31, 2020, Plaintiff was visiting with some of his children inside the home of his common law wife, Josephine Salazar. Enrique Quiroz was previously placed under a criminal trespass warning and was asked to leave by his wife. Quiroz did not depart as quickly as requested and the police arrived to remove him from the premises. Defendant Austin Police Officers

discussed the circumstances of Enrique Quiroz's presence and advised him to depart immediately, per an existing court trespass order. Plaintiff advised that he was leaving, but Defendant officers were determined to arrest Quiroz rather than allow him to vacate the residence. Defendant officers immediately and forcefully grabbed Quiroz and began to force his hands behind his back. Quiroz was thrown to the floor and Defendant officers, individually and as a group, began to taze and strike Quiroz all about his body and caused immediate injury and physical pain to Plaintiff. Defendant Officers placed Plaintiff in handcuffs and completely restrained him while continuing to strike and assault Quiroz as he lay on the floor. Quiroz did not physically resist, threaten or assault any police officers or individual but attempted to comply with orders. Any resistance from Plaintiff was passive and not physical or aggressive. Defendant Officers, acting together, continued to assault and strike Plaintiff in the head and body using full force of knee kicks and fists on his body. These officer Defendants, along with other officers who were holding Plaintiff on the ground, had complete control of Plaintiff's hands and completely restrained his arms and hands. Plaintiff's movement was limited to attempting to reach up to protect his head, body and face from the continual assaultive actions coming from these Defendants and others under their directions. All the force used and described herein was excessive and unnecessary.

6. Defendant officers caused Plaintiff to suffer various serious injuries and physical damages which included tazing and causing physical injury to his body which lead to his death.

7. The individual named Officers' actions were done intentionally and with conscious indifference to the rights, safety and protection of Plaintiff Quiroz and were done to cause the most

serious of injuries to his physical body and mind. At all times relevant to this incident, Defendant officers did observe both Plaintiff's hands and knew that Plaintiff's hands were empty and that he made no threats or caused Defendant officers to be in fear for themselves or others. Quiroz did not attempt to physically resist the officers, avoid the officers, escape, elude, struggle or move in any direction.

## EXCESSIVE FORCE

8. Defendant Officers' actions were intentional and done with conscious indifference to the rights, safety and suffering of Plaintiff. Defendant Officers had no reasonable beliefs that Plaintiff was fighting or attempting to assault them, evade them or cause either of them any injury. Defendants' actions were the sole cause for Plaintiff pain, suffering and injury and each continued the tazing with knowledge that it could and did lead to the death of Plaintiff. Defendant Officers, individually and as a group, had actual knowledge that tazing a restrained individual was infliction of physical pain and suffering and violated Plaintiff's civil rights as assured by the U.S. Constitution. Defendants' actions were conscious, indifferent and in Violation of 42 U.S.C. Section 1983.

## NEGLIGENT RETENTION, TRAINING, SUPERVISION AND ABSENCE OF POLICIES, DISCIPLINE AND PROCEDURES IN VIOLATION OF 42 U.S.C. SECTION 1983

9. Plaintiffs alleges that the conduct of Defendant City of Austin, and the individually identified Defendant Officers were consciously indifferent and constituted negligent and non-existing training, supervision, discipline, absence of actual policies and procedures and unreasonably dangerous retention policies in violation of 42 U.S.C. Section 1983. Defendant Chief of Police and

the City of Austin failed and continues to refuse to discipline these and other officers and were well aware of the extensive history the police department has when using tazers on individuals they are arresting. The arresting of unarmed and non dangerous individuals by use of tazers is a normal practice of the Austin Police Department and often amounts to police officers using excessive force on individuals they are arresting and/or stopping where there is no fear of violence or danger to the officers or others. Austin Police officers are continuously using tazer devices in similar arrest incidents where the arrested individuals are showing no indications of violence or danger towards the responding officers or others. The use of tazers has become a violent tendency and policy of Austin Police officers, without justification, but yet APD has continually ignored Defendants Officers' past tazing actions. Defendant City had no policies and procedures relating to proper and correct use of tazers which prevented these officers from using unreasonable and unnecessary force. Defendant City's failures to terminate and/or discipline its officers who continue using tazers without justification amounting to excessive force, encourages officers to use tazers when the use of such force is not necessary. The City of Austin has ignored its officers excessive practice of immediately using tazers or glorified and praised Defendant Officers past continual uses of tazers and has made their actions examples for other officers to follow. The actions of these officers reflects the City's deliberate indifference to the use of tazers on non violent individuals and shows the continual violations of individuals civil rights are violations under 42 U.S.C. Section 1983. The failure to train these officers in methods of arresting individuals who are not violent and/or terminate officers who use excessive methods of arresting individuals amounts to City of Austin having no actual policy that

5

doesn't violate individuals civil rights protections.

10. Defendant City of Austin allowed Plaintiff to be abused and have his civil rights violated, acting through its unwritten daily policies, practices and procedures. The use of a tazer on Quiroz shows deliberate, callous and conscious indifference to the constitutional rights of Quiroz and clearly indicates random tazing without fear of punishment resulted in injury to Plaintiff. Failure to train in proper incidents whereby an officer, who has other officers working with hm, should use his tazer was the proximate cause of the violations of Quiroz's constitutional rights under 42 U.S.C. Section 1983.

## DAMAGES

11. Plaintiff's injuries and damages are the sole result of the actions and/or omissions of Defendants described herein above:

    a. Physical and emotional pain, suffering and injuries

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs,

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

    f. Surgeries in the past and those needing to be done in the future.

    g. Prejudgment interest;

    h. Medical and death related Expenses in the past and future;

      i.        Mental anguish in the past;

      j.        Mental anguish in the future;

      k.        Loss of earnings in the past;

      l.        Loss of earning capacity, in all probability, to be incurred in the future;

      m.        All Appeal Cost and Expenses;

## EXEMPLARY DAMAGES

12. Plaintiff would further show that the acts and omissions of Defendants Officers were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants, Plaintiff also seeks recovery from Defendants for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Officer Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

      Respectfully submitted,

      BOBBY R TAYLOR

/s/Bobby Taylor
Bobby R. Taylor
Texas Bar No. 19685500
1709 E. Martin L. King Jr. Blvd
Austin, Texas, 78702
Tel. 512-476-4886
Fax. (512)476-2818
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2021, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system, as well as by sending a copy to lead counsel by email.

/s/BobbyTaylor
Bobby Taylor

| *Via Electronic Filing:* | Blair J. Leake    bleake@w-g.com |
|---|---|
| *Anne L. Morgan, City Attorney* | *Stephen B. Barron*   sbarron@w-g.com |
| *Meghan L. Riley, Litigation Div. Chief* | *Archie Carl Pierce*   cpierce@w-g.com |
| *Monte L. Barton, Jr.* | *WRIGHT & GREENHILL, P.C.* |
| monte.barton@austintexas.gov | *900 Congress Avenue, Ste. 500* |
| *P.O. Box 1546* | *Austin, Texas 78701* |
| *Austin, Texas 78767* | |
| *Attorneys for Defendant, City of Austin* | |