IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ENRIQUE QUIROZ, Deceased, Through JOSEPHONE SALAZAR Individually, and as NEXT FRIEND OF J.R.S, E.F Q, AND E.Q. Minors; MERCEDES QUIROZ, JASMINE QUIROZ, ANDREW RAMIREZ AND CHRISTINA ESPINOZA as NEXT FRIEND OF H.E., A MINOR, Plaintiffs, v. OFFICERS EDUARDO PINEDA, SPENCER HANNA, ZANE DOWDELL, LUCAS PARKER WILLIAM LEGGIO and CITY of AUSTIN, TEXAS Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:21-cv-443-RP |

**DEFENDANT, CITY OF AUSTIN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Austin files its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and Jury Demand [Doc. No. 33]. Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court the following:

**SECOND AMENDED ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant City of Austin responds to each of the specific averments in Plaintiffs' Second Amended Complaint as set forth below. To the extent that Defendant City of Austin does not address a specific averment made by Plaintiff, Defendant expressly denies that averment.[1]

The City denies the unnumbered allegations in the preamble paragraph which begins with "NOW COMES" and precedes the "Parties and Service" section of the Complaint.

---
[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiffs' Original Complaint.

## PARTIES AND SERVICE

1. Denied. The City is without sufficient knowledge to form a belief as to the truth of the allegations concerning Plaintiffs' residence at the time of this incident and therefore denies the same. The remaining allegations are denied.

2. Admit.

## JURISDICTION

3. No response is required to Paragraph 3, as it does not contain any factual allegations. The City admits that this Court has federal question jurisdiction over any alleged claims pursuant to 42 U.S.C. § 1983. To the extent a response is required, the City otherwise denies the remaining allegations in Paragraph 3.

## NATURE OF ACTION

4. No response is required to Paragraph 4, as it does not contain any factual allegations. To the extent a response is required, the City denies any allegations of unlawful or unconstitutional practices and policies.

## FACTS

5. Defendant denies the allegations contained in Paragraph 5.

6. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies same.

7. Defendant denies the allegations contained in Paragraph 7.

## EXCESSIVE FORCE

8. Defendant denies the allegations contained in Paragraph 8.

## NEGLIGENT RETENTION, TRAINING, SUPERVISION AND ABSENCE OF POLICIES, DISCIPLINE AND PROCEDURES IN VIOLATION OF 42 U.S.C. SECTION 1983

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

**DAMAGES**

11. Defendant denies all of the allegations contained in Paragraph 11, including subparts a-m.

**EXEMPLARY DAMAGES**

12. Defendant denies the allegations contained in Paragraph 12.

**PRAYER**

No response is required to the "Prayer" included in the Complaint, which begins with the phrase "WHEREFORE, PREMISES CONSIDERED," as it does not contain any factual allegations. To the extent any response is required, the City denies the allegations in the "Prayer" section of the Complaint, and further denies that Plaintiff has any valid or supportable basis for any recovery from the City.

**AFFIRMATIVE DEFENSES**

1. Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2. Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3. Defendant City of Austin affirmatively pleads that the Plaintiffs' claims are barred in whole or in part since Plaintiff Enrique Quiroz's intentional acts were the proximate cause, or a proximate contributing cause, of the alleged injuries and damages asserted in this case.

4. Defendant City of Austin reserves the right to assert additional affirmative defenses throughout the development of the case.

5. The City asserts that it is absolutely immune from punitive damages under 42 U.S.C. § 1983 pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

6. Defendant asserts the affirmative defense that Plaintiffs failed to mitigate damages, if any, and asserts this failure to mitigate as both an affirmative defense and as a reduction in the damage amount, if any, due Plaintiffs.

7. Defendants assert the affirmative defense of contributory negligence. Plaintiffs' claims are barred in whole or in part by contributory negligence. Plaintiff, by his actions, failed to exercise ordinary care for his safety. His actions contributed at least fifty-one percent to the alleged injuries and the damages asserted in this case.

8. Defendants affirmatively plead that the Plaintiff's claims are barred in whole or in part since Plaintiffs intentional acts or the acts of others for which this defendant has no responsibility were the proximate cause, or a proximate contributing cause, of the alleged injuries and damages asserted in this case.

9. The incident in question and the resulting harm to Decedent were caused or contributed to by Decedent's own illegal conduct.

10. Pleading further and in the alternative if applicable, Plaintiffs' injuries and damages were caused in whole or in part by the conduct of other persons or entities who are not currently parties to this lawsuit.

11. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that at the time and on the occasion in question, Decedent failed to use care or caution that a person of ordinary prudence would have used under the same or similar circumstances, and that such failure was a producing cause or the sole proximate cause of the incident and alleged damages that arise therefrom. If applicable and subject to

withdrawal, Defendant invokes the comparative responsibility provision of the Texas Civil Practice & Remedies Code.

12. Defendant further pleads any fault to be reduced by the percentage of the causation found to have resulted from the acts or omissions of other persons.

13. Defendant asserts the limitations and protections of Chapters 41 & 101 of the Texas Civil Practice & Remedies code, and the due process clause of the United States Constitution.

14. To the extent Defendant did not address a specific averment made by Plaintiffs in the Complaint, Defendant expressly denies all such averments.

## **DEFENDANTS' PRAYER**

Defendant City of Austin prays that all relief requested by Plaintiff be denied, that the Court dismiss this case with prejudice, and that the Court award Defendants costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION DIVISION CHIEF

 /s/  Monte L. Barton Jr.
MONTE L. BARTON JR.
State Bar No. 24115616
monte.barton@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas  78767-1546
Telephone (512) 974-2409
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT
CITY OF AUSTIN**

# **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Rules of Federal Procedure, this 13th day of April, 2022.

**Via CM/ECF:**

| | |
|---|---|
| Bobby R. Taylor | Blair J. Leake |
| State Bar No. 19685500 | State Bar No. 24081630 |
| 1709 E. Martin L. King Jr. Blvd | bleake@w-g.com |
| Austin, Texas 78702 | Stephen B. Barron |
| Telephone: (512) 476-4886 | State Bar No. 24109619 |
| Facsimile: (512) 476-2818 | sbarron@w-g.com |
| | Archie Carl Pierce |
| **ATTORNEY FOR PLAINTIFFS** | State Bar No. 5991500 |
| | cpierce@w-g.com |
| | WRIGHT & GREENHILL, P.C. |
| | 900 Congress Avenue, Suite 500 |
| | Austin, Texas 78701 |
| | Telephone: (512) 476-4600 |
| | Facsimile: (512) 476-5382 |
| | |
| | **ATTORNEY FOR DEFENDANTS EDUARDO PINEDA and SPENCER HANNA** |

/s/ Monte L. Barton, Jr.
MONTE L. BARTON JR.