IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ENRIQUE QUIROZ, Deceased, § <br> Through JOSEPHONE SALAZAR § <br> Individually, and as NEXT FRIEND OF § <br> J.R.S, E.F Q, AND E.Q. Minors; § <br> MERCEDES QUIROZ, JASMINE § <br> QUIROZ, ANDREW RAMIREZ AND § <br> CHRISTINA ESPINOZA as NEXT § <br> FRIEND OF H.E., A MINOR, § <br>      Plaintiffs, § <br> § <br> v. § <br> § <br> OFFICERS EDUARDO PINEDA, § <br> SPENCER HANNA, ZANE § <br> DOWDELL, LUCAS PARKER § <br> WILLIAM LEGGIO and CITY of § <br> AUSTIN, TEXAS § <br>      Defendants. | CIVIL ACTION NO. 1:21-cv-443-RP |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS,
ZANE DOWDELL, LUCAS PARKER AND WILLIAM LEGGIO**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, ZANE DOWDELL (employed at all relevant times with the Austin Police Dept.), LUCAS PARKER (employed at all relevant times with the Austin Police Dept.) and WILLIAM LEGGIO (employed at all relevant times with the Austin-Travis County EMS), file this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and Jury Demand [Second Amended Complaint is docketed as Doc. No. 33]. Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants respectfully shows the Court the following:

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants (Dowdell, Parker, and Leggio) respond to each of the specific averments in Plaintiffs' Second Amended Complaint as set forth below. To

the extent that these Defendants do not address a specific averment made by Plaintiff, Defendants expressly denies that averment.[1]

These Defendants deny the unnumbered allegations in the preamble paragraph which begins with "NOW COMES" and precedes the "Parties and Service" section of the Complaint.

### PARTIES AND SERVICE

1. Denied. These Defendants are without sufficient knowledge to form a belief as to the truth of the allegations concerning Plaintiffs' residence at the time of this incident and therefore denies the same. The remaining allegations constitute speculation and conjecture about the application of law and facts, including medical information which is available to all parties, and to which no response is required at this time and the allegations are therefore denied to the extent they may be construed to seek liability against these defendants.

2. Admit.

### JURISDICTION

3. No response is required to Paragraph 3, as it does not contain any factual allegations. These defendants admit that this Court has federal question jurisdiction over any alleged claims pursuant to 42 U.S.C. § 1983. To the extent a response is required, these defendants otherwise deny the remaining allegations in Paragraph 3.

### NATURE OF ACTION

4. No response is required to Paragraph 4, as it does not contain any factual allegations. To the extent a response is required, these defendants deny any allegations of unlawful or unconstitutional practices and policies.

### FACTS

---

[1] Paragraph numbers in Defendants' Answer correspond to the paragraphs in Plaintiffs' Second Amended Complaint.

5.  Defendants deny the allegations contained in this Paragraph. These Defendants are without sufficient knowledge to form a belief as to the truth of the allegations prior to their arrival. The remaining allegations constitute speculation and conjecture about the application of law and facts, including medical information which is available to all parties, and to which no response is required at this time and the allegations are therefore denied to the extent they may be construed to seek liability against these defendants.

6.  Defendants deny the allegations contained in this Paragraph. These Defendants are without sufficient knowledge to form a belief as to the truth of the allegations prior to their arrival. The remaining allegations constitute speculation and conjecture about the application of law and facts, including medical information which is available to all parties, and to which no response is required at this time and the allegations are therefore denied to the extent they may be construed to seek liability against these defendants.

7.  Defendants deny the allegations contained in Paragraph 7.

## EXCESSIVE FORCE

8.  Defendants deny the allegations contained in Paragraph 8.

## NEGLIGENT RETENTION, TRAINING, SUPERVISION AND ABSENCE OF POLICIES, DISCIPLINE AND PROCEDURES IN VIOLATION OF 42 U.S.C. SECTION 1983

9.  Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in this Paragraph. The allegations constitute speculation and conjecture about the application of law and facts and to which no response is required at this time and the allegations are therefore denied to the extent they may be construed to seek liability against these defendants.

### DAMAGES

11. Defendants deny all of the allegations contained in Paragraph 11, including subparts a-m.

### EXEMPLARY DAMAGES

12. Defendants deny the allegations contained in Paragraph 12.

### PRAYER

No response is required to the "Prayer" included in the Complaint, which begins with the phrase "WHEREFORE, PREMISES CONSIDERED," as it does not contain any factual allegations. To the extent any response is required, these defendants deny the allegations in the "Prayer" section of the Complaint, and further deny that Plaintiff has any valid or supportable basis for any recovery.

### AFFIRMATIVE DEFENSES

1. These defendants deny any deprivation under color of statute, ordinance, custom, or abuses of any rights, privileges, or immunities secured to the decedent by the United States Constitution, state law, or 42 U.S.C. § 1983, et seq.

2. Defendants hereby invoke the doctrine of Qualified Immunity and Official Immunity. Defendants discharged their obligations and public duties in good faith, and would show that their actions were objectively reasonable in light of the law and the information possessed at that time. Defendants are entitled to qualified/official immunity for actions taken in the course and scope of their employment.

3. Defendants affirmatively plead that the Plaintiffs' claims are barred in whole or in part since Enrique Quiroz's acts, intentional or otherwise, were the proximate cause, or a proximate contributing cause, of the alleged injuries and damages asserted in this case. Pleading further and in the alternative, Plaintiffs' injuries and damages were caused in whole or in part by the conduct of other persons or entities for which these defendants are

      not responsible.

4. Defendants reserve the right to assert additional affirmative defenses throughout the development of the case.

5. Defendants assert that punitive damages are not available and would be contrary to the protections of the United States Constitution by allowing a jury or fact finder standardless discretion..

6. Defendants assert the affirmative defense that Plaintiffs failed to mitigate damages, if any, and assert this failure to mitigate as both an affirmative defense and as a reduction in the damage amount, if any, due Plaintiffs.

7. Defendants assert the affirmative defense of contributory negligence. Plaintiffs' claims are barred in whole or in part by contributory negligence. Plaintiff's decedent, by his actions, failed to exercise ordinary care for his safety. His actions contributed at least fifty-one percent to the alleged injuries and the damages asserted in this case.

8. Defendants affirmatively plead that the Plaintiffs claims are barred in whole or in part since Plaintiff's decedent committed intentional acts, for which these defendants have no responsibility, that were the proximate cause, or a proximate contributing cause, of the alleged injuries and damages asserted in this case.

9. The incident in question and the resulting harm to Decedent were caused or contributed to by Decedent's own illegal conduct.

10. Pleading further and in the alternative if applicable, Plaintiffs' injuries and damages were caused in whole or in part by the conduct of other persons or entities who are not currently parties to this lawsuit.

11. Pleading further, alternatively, and by way of affirmative defense, Defendants would

show that at the time and on the occasion in question, Decedent failed to use care or caution that a person of ordinary prudence would have used under the same or similar circumstances, and that such failure was a producing cause or the sole proximate cause of the incident and alleged damages that arise therefrom. If applicable and subject to withdrawal, Defendants invoke the comparative responsibility provision of the Texas Civil Practice & Remedies Code.

12. Defendants further plead any fault to be reduced by the percentage of the causation found to have resulted from the acts or omissions of other persons.

13. Defendants assert the limitations and protections of Chapters 41 & 101 of the Texas Civil Practice & Remedies code, and the due process clause of the United States Constitution.

14. To the extent Defendants did not address a specific averment made by Plaintiffs in the Complaint, Defendants expressly deny all such averments.

15. Defendants plead that they had legal justification for each and every action taken by them relating to this incident.

## DEFENDANTS' PRAYER

Defendants pray that all relief requested by Plaintiffs be denied, that the Court dismiss this case with prejudice, and that the Court award Defendants costs and attorney's fees, and any additional relief to which they are entitled under law or equity.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION DIVISION CHIEF

 /s/ *Monte L. Barton Jr.*
MONTE L. BARTON JR.
State Bar No. 24115616
monte.barton@austintexas.gov
City of Austin
P. O. Box 1546

Austin, Texas  78767-1546
Telephone (512) 974-2409
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANTS,**
**ZANE DOWDELL, LUCAS PARKER,**
**and WILLIAM LEGGIO**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Rules of Federal Procedure, this 3rd day of June, 2022.

<u>Via CM/ECF</u>:

| | |
|---|---|
| Bobby R. Taylor | Blair J. Leake |
| State Bar No. 19685500 | State Bar No. 24081630 |
| 1709 E. Martin L. King Jr. Blvd | bleake@w-g.com |
| Austin, Texas 78702 | Stephen B. Barron |
| Telephone:  (512) 476-4886 | State Bar No. 24109619 |
| Facsimile:   (512) 476-2818 | sbarron@w-g.com |
| | Archie Carl Pierce |
| **ATTORNEY FOR PLAINTIFFS** | State Bar No. 5991500 |
| | cpierce@w-g.com |
| | WRIGHT & GREENHILL, P.C. |
| | 900 Congress Avenue, Suite 500 |
| | Austin, Texas 78701 |
| | Telephone: (512) 476-4600 |
| | Facsimile:  (512) 476-5382 |
| | |
| | **ATTORNEY FOR DEFENDANTS** |
| | **EDUARDO PINEDA and SPENCER HANNA** |
| | |
| | */s/ Monte L. Barton, Jr.* |
| | MONTE L. BARTON JR. |